## McFADDEN *v.* OWENS.

### Decided January 10, 1891.

*Practice—Injunction pending appeal.*

> An injunction pending an appeal to restrain a county judge from paying to one a fund claimed by another will be denied, if the county, being solvent, will still be liable in case the payment is wrongfully made.

APPEAL from *Jefferson* Circuit Court in Chancery. JOHN M. ELLIOTT, Judge.

Owens, as county judge, let the contract to repair the court house of Jefferson county to Hilliard for a certain sum, the material and work to be paid for by the contractor. Before entering upon the work Hilliard executed to Owens, as such county judge, a bond conditioned that he would deliver possession of the building, upon the completion of the work, free from any incumbrance, claim for labor or materials or judgment. Hilliard sublet the woodwork to Jones. Plaintiff McFadden furnished Jones materials which were used on the building. Hilliard refused to pay the bill. It was presented to Owens, as county judge, and he refused to pay it. Plaintiff then filed his complaint against Hilliard and Owens, as county judge, to restrain the latter from paying the balance due on the contract to Hilliard, who is alleged to be insolvent, and to enforce a lien for the amount claimed on the fund due Hilliard in the

hands of Owens, as county judge.   A demurrer to the complaint was sustained.   Plaintiff appealed and filed a motion in this court for a temporary restraining order pending the appeal.

*H. King White* and *W. M. Harrison* for appellants.

1.   As to appellant's right to subrogation, see Sheldon on Subrogation, secs. 1, 11, 222; 16 Ark., 232; 18 *id.*, 508; 31 *id.*, 411; Wood on Ins., title, "Subrogation."

2.   Appellants seek no decree or relief against the county —but merely that the amount of their claims as materialmen be paid to them directly, instead of to Hilliard, who is insolvent.

*N. T. White, S. M. Taylor* and *J. W. Crawford* for appellee.

If plaintiff has a claim that can be enforced against the county, even by subrogation, then the damage would not be irreparable, and a restraining order should not be granted. Even if plaintiff is without remedy against the county and would lose his debt, still the order should not be granted, if it appears from the record that upon final hearing the decree will have to be affirmed.

Public buildings are not subject to mechanics' liens. Mansf. Dig., sec. 2999; 49 Ark., 97; Phillips on Mech. Liens, secs. 179—179a.

Neither the county or county judge is liable to garnishment.   31 Ark., 387; Wade on Att., secs. 422, etc.   Insolvency alone will not justify an injunction.   High, Inj., secs. 10–18.   The doctrine of subrogation has no application to this case.   Sheldon on Sub., sec. 3.

PER CURIAM.   If the appellant has no demand against Jefferson county, and no lien on the fund in suit, and no right to establish a lien by virtue of his suit, he is not entitled to a restraining order.   If he has a claim against the county, or a right to a lien on the fund, he will not sustain irreparable injury if the county judge pay the fund to the appellee, because the county being a party, as far as it can

be reached by suit, to this proceeding, will pay out the fund at its peril, and will not discharge its liability if it pays to the wrong person. The county is solvent, and if the appellant establishes his lien, his claim will not be jeopardized by the wrongful payment. But it is only in case of irreparable injury that an injunction issues pending the appeal.

The motion for restraining order will be denied.